IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.    Criminal No. 3:09cr64

LESLIE NEWSOME-BRIDGEMAN

## MEMORANDUM OPINION

This matter is before the Court on the appeal of the defendant, Leslie Newsome-Bridgeman, of a sentence imposed by the Magistrate Judge following the defendant's plea of guilty to Counts One and Two of a Criminal Information charging her, respectively, with theft of government property in violation of 18 U.S.C. §§ 641 and 2 and with contributing to the delinquency of a minor in violation of 18 U.S.C. § 13, assimilating Va. Code Ann. § 18.2-371. The appeal raises only the issue whether the sentence imposed by the Magistrate Judge was reasonable. Because the record clearly demonstrates that the sentence was reasonable, the judgment of the Magistrate Judge will be affirmed.

## STATEMENT OF FACTS

On August 12, 2008, the defendant, accompanied by three children, two of which were her own, one of which was a child of a neighbor, went in the Post Exchange ("PX") at Fort Lee, Virginia. The defendant was being observed on closed circuit television by a member of the PX's loss prevention staff, which previously had been

alerted of suspicious activity earlier in the month on the part of the defendant and her children.

On August 12, the defendant was seen taking a tote bag and placing in it a number of items ranging in price from $20 to $330. As the defendant and the children approached the cash registers, the children were observed with video games in their hands and the defendant told the children to head in the direction of the door. The defendant had placed some items on the check out counter, but she left the tote bag and the items in it on the bottom section of the cart. She paid for some items which she placed on the counter using gift cards, but removed none of the items from the bottom of the cart to be checked out and paid for. The children remained near the door holding the video games for which there had been no payment. As the defendant left with the shopping cart and all of the goods, including those for which she had not paid, a member of the PX's loss prevention staff stopped the defendant and escorted her to the office and advised her that she had been seen on camera shoplifting. The police were summonsed but the defendant left the office and took the children with her. The oldest of the children, the defendant's 12 year old daughter, told the other children "go, go, go!" The defendant removed the items from the cart and went to her car and the children left with the stolen video games in their hands.

Members of the PX's loss prevention staff followed the defendant and the children into the parking lot and stood behind the defendant's vehicle in an effort to keep her from leaving before the police arrived, but were forced to jump out of the way as the defendant attempted to back out of the parking space. However, police vehicles then arrived and blocked the defendant's exit. The arresting officers determined that there was a warrant for the defendant's arrest for passing worthless checks in Chesterfield County, and she was detained until the Chesterfield County police came to arrest her on that outstanding warrant.

After the defendant entered pleas of guilty, a presentence report was prepared. The defendant's calculated offense level was 8 (a base offense level of 6 for the grouped Counts One and Two and a two point enhancement for using a minor to commit a crime). Two points were then deducted for acceptance of responsibility, leaving the defendant with a base offense level of 6, a criminal history category III, and a guideline sentencing range of two to eight months with a statutory maximum sentence of twelve months. The Magistrate Judge imposed a sentence of confinement of five months on each Count to run concurrently to be followed by one year of supervised release.

## DISCUSSION

The District Court, on review, reviews the sentence imposed by a Magistrate Judge under an abuse of discretion standard. United States v. Evans, 526 F.3d 155, 166 (4th Cir. 2008). Reviewing courts are obligated to consider, and certainly may not disregard, "the considered reasoning of the [Magistrate Judge]." Gall v. United States, 120 S. Ct. 586, 591 (2007).

The Magistrate Judge carefully considered all of the evidence and the argument of counsel and measured the facts against the requirements of 18 U.S.C. § 3553(a), and, having considered the sentencing guidelines as advisory, found that a sentence of five months confinement was sufficient but not greater than necessary to achieve the statutory objectives. The defendant contends that the sentence was greater than necessary and that, therefore, the sentence offends the basic command of 18 U.S.C. § 3558.

Having reviewed the entire record, and the careful and deliberate and thoughtful assessment of the case articulated by the Magistrate Judge, the Court concludes that the sentence was reasonable. Indeed, considering the defendant's egregious conduct and the record as a whole, it would not be possible to find, on this record, that the Magistrate Judge abused her discretion or that the sentence was greater than necessary to accomplish the objectives of the sentencing statute.

Accordingly, the judgment of the Magistrate Judge will be affirmed.

It is so ORDERED.

                                              /s/        REP
                                         Robert E. Payne
                                         Senior United States District Judge

Richmond, Virginia
Date: April 15, 2009